UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

Eastern District of Kentucky
F I L E D
MAR 3 0 2016
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

GREGORY GRIMES, individually &
on behalf of all similarly situated,

    Plaintiff(s),

v.

    Case Number 3:16cv25 GFVT

LARRY STIGERS EQUIPMENT,
TRAILERS & TRUCKS, LLC

    Defendant.

_____/

## COMPLAINT

1. The named Plaintiff, Gregory Grimes, individually and on behalf of all similarly situated, sues Defendant, Larry Stigers Equipment, Trailers & Trucks, LLC, pursuant to 29 U.S.C. § 216(b) for unpaid overtime.

2. Defendant is a domestic limited liability company.

3. Defendant conducts business in Kentucky.

4. Defendant's principal place of business is Frankfort, Kentucky.

5. Named Plaintiff worked for Defendant from January 2015 through September 2015.

6. Named Plaintiff was a detailer.

7. Defendant never paid Plaintiff(s) overtime.

8. Plaintiff(s) primary job duties were to detail and clean Defendant's inventory.

9. Defendant is in the business of selling trucks, trailers and associated equipment.

10. Defendant does not pay Plaintiff(s) overtime.

11. Defendant's uniform practice of paying Plaintiff(s) an hourly wage for up to forty hours violates 29 U.S.C. § 207(a)(1) when Plaintiff(s) work more than forty hours in a workweek and Defendant does not pay overtime.

12. Plaintiff(s) regularly work over forty hours a week without receiving 150% of their regular rate for overtime.

13. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14. An employer must pay an employee overtime pursuant to 29 U.S.C. § 207(a)(1).

15. Defendant did not comply with 29 U.S.C. § 207 as it relates to Plaintiff(s).

16. Defendant has annual gross revenues of over $500,000.

17. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as vehicles, soap and cleaning equipment.

18. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

19. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

20. Defendant employed named Plaintiff.

21. Defendant was named Plaintiff's employer as defined by 29 U.S.C. § 203(d).

22. Defendant willfully violated the FLSA.

23. Defendant acted in reckless disregard of the FLSA.

24. Plaintiff(s) are owed overtime for the work they performed for Defendant.

25. Defendant has been the employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

26. The class is defined as any detailer that worked for Defendant at any time from March 2013 to present and was not paid contemporaneous overtime.

27. The Plaintiff(s) had similar job duties.

28. The Plaintiff(s) were paid pursuant to the same pay policy.

29. There are similarly situated employees to named Plaintiff that would like to recover unpaid overtime.

Wherefore, Plaintiff(s) demand unpaid overtime, liquidated damages, judgment, attorneys' fees and costs.

Respectfully submitted this 28th day of March 2016,

Bernard R. Mazaheri
Kentucky Bar Number 96913
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Email – bmazaheri@forthepeople.com